IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FURMINATOR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. |
| | ) | |
| JO ANN SHARKSHNAS, MICHAEL SHARKSHNAS, and ANN LINDON, | ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

FURminator, Inc. ("FURminator") states the following for its Complaint against Jo Ann Sharkshnas, Michael Sharkshnas, and Ann Lindon (collectively "Defendants").

### JURISDICTION AND VENUE

1. FURminator's claims arise from Defendants' unlawful distribution and sale of counterfeit products and/or packaging using FURminator® trademarks and logos (hereinafter "FURminator Marks") on internet auction websites and other online locations. FURminator asserts claims for federal trademark counterfeiting and infringement, unfair competition, false designation of origin, and false description under the Lanham Act. FURminator seeks injunctive relief to prevent the sale, shipment, and/or further distribution of the counterfeit and infringing goods, an accounting of profits, treble damages and/or statutory damages, as well as recovery of attorneys' fees and other relief available under the Lanham Act.

2. Jurisdiction is proper in this Court pursuant to 15 U.S.C. § 1121 (Lanham Act) and under 28 U.S.C. §§ 1331 (federal question) and 1338 (patents, copyrights, trademarks and unfair competition related thereto).

3. On information and belief, Defendants sell counterfeit FURminator products on internet auction websites such as eBay.com and Amazon.com. This Court has personal jurisdiction over Defendants because Defendants sell and offer for sale counterfeit products in Missouri and in this judicial district, committed the tortious acts described herein in Missouri and in this judicial district, or otherwise established contacts with Missouri and this judicial district sufficient to make the exercise of personal jurisdiction proper.

4. Venue is proper under 28 U.S.C. § 1391(b) because, on information and belief, a substantial part of the events giving rise to the claims occurred in this district.

## JURY TRIAL DEMANDED

5. FURminator hereby demands a jury on all triable issues.

## THE PARTIES

6. FURminator is an Indiana corporation with its principal place of business in St. Louis, Missouri. It is the successor to a Missouri corporation formed by a husband and wife team in 2002. FURminator's primary business is the promotion and sale of pet grooming tools and other pet grooming products.

7. On information and belief, Jo Ann Sharkshnas lives in Minnesota. Ms. Sharkshnas is believed to reside and/or ordered counterfeit FURminator products to be delivered to 28275 Olinda Trail, Lindstrom, Minnesota, 55045.

8. On information and belief, Michael Sharkshnas lives in Minnesota. Mr. Sharkshnas is believed to reside at 28275 Olinda Trail, Lindstrom, Minnesota, 55045.

9. On information and belief, Ann Lindon lives in Minnesota. Ms. Lindon is believed to reside at and/or ordered counterfeit FURminator products to be delivered to 28275 Olinda Trail, Lindstrom, Minnesota, 55045.

10. On information and belief, Defendants use the seller ID 0429buy for sales made on eBay.com.  On information and belief, Defendants use the seller ID MJSSALESONLINE for sales made on Amazon.com.  Through sales on these websites, Defendants' infringing and/or counterfeit FURminator products are regularly available to consumers in the Eastern District of Missouri.

## FACTS COMMON TO ALL CLAIMS

### A. FURminator's Trademarks

11. FURminator designs, manufactures, markets, advertises, distributes, and sells in interstate commerce of various types of pet products, including but not limited to, FURminator DeShedding Tools, such as the tool depicted below:



12. FURminator's founders invented the FURminator DeShedding Tools, and, taking great personal financial risk, pursued a dream to start a business and sell those products.  It took several years for products to get to market.  Angela Porter, a co-founder and owner of a pet grooming salon, and David Porter, a co-founder and graphic design artist, worked together

during that time to develop the concept, build prototypes, and find a manufacturer for their products.

13.     FURminator DeShedding Tools have been and continue to enjoy significant commercial success as well as widespread approval in the pet industry.  FURminator DeShedding Tools have received numerous accolades, including several "Editor's Choice" awards by pet product publications, numerous sales awards from major pet product retailers and have been described as one of the best grooming products tested by the Tufts University School of Veterinary Medicine.  Since FURminator's widespread introduction in 2003, the FURminator DeShedding Tools have enjoyed substantial commercial success.  Sales of FURminator DeShedding Tools account for the majority of FURminator's revenues.

14.     Beginning at least as early as 2002, FURminator and its predecessor-in-interest adopted and began using the FURMINATOR trademark. Since that time, FURminator or its predecessors-in-interest have continuously used the FURMINATOR trademark and other trademarks.  FURMINATOR has been used alone or in connection with the distinctive "Paw" logo (see below) in interstate commerce in the United States for the purpose of identifying FURminator's pet products and for distinguishing goods from the goods of others.

15.     For ease of reference, these trademarks are referred to collectively herein as the "FURminator Marks". The FURminator Marks have been used in connection with grooming tools at least as early as the 2002.

16. FURminator's trademark registrations pertinent to this action are as follows:

| FURminator's U.S. Trademarks | | |
|---|---|---|
| **Reg. No** | **Mark** | **Goods** |
| 3,238,141 | FURMINATOR (Stylized and/or with Design)  FURminator® | Non-medicated, non-veterinary grooming preparation, namely deshedding hair conditioner for pets; **brushes for pets** |
| 2,965,342 | FURMINATOR | deshedding conditioner for pets; **pet brush, namely a grooming device for fur bearing animals in the nature of a brush-like instrument for removal of the animal's loose or shedding hair** |
| 3,544,400 | Paw Design | Non-medicated, non-veterinary grooming preparation, namely deshedding hair conditioner for pets; **pet brush, namely a grooming device for fur bearing animals in the nature of a brush-like instrument for removal of the animal's loose or shedding hair**; dog treats |

17. Copies of the Registration Certificates for the above-listed federal trademark registrations are attached hereto as Exhibits 1-3.

18. The registration of the FURminator Marks on the principal register with the United States Patent and Trademark Office constitutes prima facie evidence of their validity and are conclusive evidence of FURminator's exclusive rights to use the FURminator Marks in commerce in connection with the goods named therein, and commercially related goods. 15

5133805.7                                          - 5 -

U.S.C. § 1057.  The registration of the FURminator Marks also constitutes constructive notice of FURminator's ownership and exclusive rights in the FURminator Marks. 15 U.S.C. § 1072.

19.     FURminator's products bearing the FURminator Marks are sold throughout the United States.

20.     In accordance with 15 U.S.C. § 1111, the FURminator Marks are, and have been, displayed on FURminator's products or on the packaging, marketing, or advertising materials, for such products, and are and were accompanied by the notation "®" to provide notice that the FURminator Marks are federally registered.

21.     FURminator has advertised and promoted grooming tools sold under the FURminator Marks throughout the United States by means of various media, including, but not limited to, television, the Internet, and magazines.

22.     As a consequence of FURminator's continuous use of the FURminator Marks throughout the United States, and due to the significant investment of time, money, and efforts, widespread sales, and the high quality of FURminator's products sold in connection with the FURminator Marks, these FURminator Marks have acquired value and are well-known to the consuming public and trade as identifying and distinguishing the source of FURminator's products.

23.     FURminator also takes significant steps to protect its valuable intellectual property rights.

24.     FURminator registered U.S. Trademark Registration Nos. 3,238,141 and 2,965,342 with U.S. Customs and Border Protection ("U.S. Customs").  These registrations were recorded as CBP Recordation Nos. 10-00034 and 10-00035.  U.S. Customs detains imported products suspected to be counterfeit and reports these incidents to FURminator.

25. FURminator monitors internet marketplace sites such as Amazon.com and eBay.com for entities selling suspected counterfeit FURminator merchandise.

26. Upon locating a suspected seller of counterfeit FURminator products, FURminator may purchase products from the seller.  These products are analyzed by FURminator to determine their authenticity.

27. FURminator investigates suspected manufacturers, distributors, and retailers of unauthorized counterfeit FURminator products and then takes steps to halt such unauthorized sales, including notifying law enforcement.

**B. Defendants' Conduct**

28. Upon information and belief, Defendants traffic in counterfeit grooming tools bearing counterfeits of Plaintiff's FURminator Marks (the "Counterfeit Products").

29. On information and belief, Defendants made substantial sales of Counterfeit Products in the United States.  Defendants offer for sale, sell, distribute, and facilitate the sale of Counterfeit Products via eBay.com (via the 0429buy Seller ID) and Amazon.com (via MJSSALESONLINE).  FURminator purchased a tool sold by MJSSALESONLINE, inspected the tool, and determined it to be counterfeit.

30. On information and belief, Defendants have imported counterfeit goods bearing the FURminator Marks into the United States.  On at least two occasions in April 2010, U.S. Customs detained shipments of Counterfeit Products imported by Defendants Jo Ann Sharkshnas and Ann Lindon from China (or Hong Kong).

31. Upon information and belief, Defendants, without authorization or license from FURminator, knowingly and willfully used or reproduced Plaintiff's FURminator Marks in connection with their distributing, importing, shipping, advertising, offering for sale, selling, and

facilitating the sale of Counterfeit Products in commerce. These Counterfeit Products are infringing copies of FURminator's products.

32. Upon information and belief, Defendants purchased the Counterfeit Products from a source or sources that are not authorized or licensed by FURminator to manufacture, offer for sale, or sell the products bearing the FURminator Marks.

33. The Counterfeit Products are not genuine FURminator products. FURminator did not manufacture, inspect, or package the Counterfeit Products, prior to the unauthorized sale and did not approve the Counterfeit Products for sale or distribution.

34. Defendants are not authorized by FURminator to manufacture, advertise, distribute, export, import, ship, sell, offer to sell, or facilitate the sale of any products bearing Plaintiff's FURminator Marks that are not authentic products.

35. Defendants' use of Plaintiff's FURminator Marks in connection with the advertising, marketing, distribution, import, export, shipping, offering for sale, sale, and facilitation of the sale of Counterfeit Products caused, and in the future are likely to cause, confusion among potential customers who will be deceived into believing that Defendants' Counterfeit Products are authentic products, thus harming the consuming public and irreparably harming FURminator's valuable reputation and goodwill.

36. The aforesaid conduct is causing FURminator irreparable harm, for which there is no adequate remedy at law.

## COUNT I
## FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT
## (15 U.S.C. §§ 1114, 1116)

37. FURminator repeats and realleges the foregoing paragraphs as if fully set forth herein.

38. Without authorization or consent, Defendants shipped, offered for sale, sold, or facilitated the sale of Counterfeit Products bearing marks that are reproductions, counterfeits, copies, or colorable imitations of Plaintiff's FURminator Marks to the consuming public in direct competition with the sale of FURminator's authentic products, in or affecting interstate commerce, in violation of the Lanham Act, specifically 15 U.S.C. § 1114 and 1116.

39. Defendants' use of reproductions, counterfeits, copies, or colorable imitations of Plaintiff's FURminator Marks are likely to cause confusion, mistake, or deception as to the source or sponsorship of Defendants' goods and cause the consuming public to believe that Defendants' goods have been manufactured or approved by FURminator or that Defendants are legitimately connected with FURminator or authorized by FURminator to use the FURminator Marks.

40. Defendants' conduct is causing immediate and irreparable injury to FURminator, its goodwill and reputation, and will continue to damage FURminator and deceive the public unless temporarily, preliminarily, and permanently enjoined by this Court pursuant to 15 U.S.C. § 1116.

41. In addition to injunctive relief, FURminator is entitled to recover actual damages, Defendants' profits, costs, and reasonable attorneys' fees under 15 U.S.C. § 1117 in an amount to be determined at trial. Any such damages and awards should be trebled pursuant to 15 U.S.C. §1117(b).

42. FURminator reserves the right to seek statutory damages pursuant to 15 U.S.C § 1117(c).

43. FURminator is further entitled to an Order directing that all items in the possession, custody, or control of Defendants bearing reproductions, counterfeits, copies, or colorable

imitations of FURminator's registered marks be delivered up to FURminator and destroyed pursuant to 15 U.S.C. § 1118.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

44.     FURminator repeats and realleges the foregoing paragraphs as if fully set forth herein.

45.     Defendants' unauthorized use of reproductions, counterfeits, copies, or colorable imitations of FURminator's FURminator Marks are likely to cause confusion, to cause mistake, or to deceive the consuming public and the trade as to the origin, sponsorship, or approval of Defendants' products.

46.     As a result of Defendants' unauthorized uses of reproductions, counterfeits, copies, or colorable imitations of Plaintiff's FURminator Marks in connection with Counterfeit Products, the consuming public and trade is likely to believe that Defendants' goods have been manufactured or approved by FURminator, and such use falsely represents Defendants as being legitimately affiliated, connected, or associated with or authorized by FURminator and places FURminator's valuable and hard-earned reputation and goodwill in the hands of the Defendants in violation of 15 U.S.C. § 1125(a).

47.     Defendants' conduct is causing immediate and irreparable injury to FURminator, its goodwill and reputation, and will continue to damage FURminator and deceive the public unless temporarily, preliminarily, and permanently enjoined by this Court pursuant to 15 U.S.C. § 1116.

48.     In addition to injunctive relief, FURminator is entitled to recover actual damages, Defendants' profits, costs, and reasonable attorneys' fees under 15 U.S.C. § 1117 in an amount to be determined at trial.  Any such damages and awards should be trebled pursuant to 15 U.S.C. §

1117(b). FURminator reserves the right to seek statutory damages pursuant to 15 U.S.C §

1117(c).

 49. FURminator is further entitled to an Order directing that all items in the possession, custody, or control of Defendants bearing reproductions, counterfeits, copies, or colorable imitations of FURminator's registered marks be delivered up to FURminator and destroyed pursuant to 15 U.S.C. 1118.

 WHEREFORE, FURminator requests the following relief:

 A. For judgment:

  a. That Defendants engaged in trademark infringement in violation of 15 U.S.C. § 1114; Defendants used counterfeit marks in violation of 15 U.S.C. § 1116; Defendants engaged in unfair competition, false designation of origin, and trademark infringement in violation of 15 U.S.C. § 1125(a);

  b. Defendants have been unjustly enriched; and Defendants' acts of infringement, counterfeiting, dilution, unfair competition were willful.

 B. That preliminary and permanent injunctions be issued enjoining Defendants, and their agents, affiliates, and all persons in concert or participations with any of them, and any entity owned or controlled by any of the Defendants, who receives actual notice of the order by personal service or otherwise, from:

  a. using any of Plaintiff's FURminator Marks, including, but not limited those identified above, or any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Plaintiff's trademarks or trade names in connection with any goods or services or in connection with the importation, promotion, advertisement, sale, offering for sale, manufacture,

      production, dissemination, or distribution of any pet grooming products; processing, packaging, importing, or transporting any product that is not a genuine product of Plaintiff bearing any of Plaintiff's trademarks or trade names or any mark that is a simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Plaintiff's trademarks or trade names;

  b. using any false designation of origin or false description (including, without limitation, any letters or symbols), or performing any act which can, or is likely to, lead members of the consuming public or trade to believe that Defendants are associated with Plaintiff or that any product imported, manufactured, distributed, or sold by the Defendants is in any manner associated or connected with Plaintiff, or is authorized, licensed, sponsored, or otherwise approved by Plaintiff;

  c. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (b) above or taking any action that contributes to any of the activities referred to in subparagraphs above, or any other activity that consists of or contributes to the sale of counterfeit or infringing FURminator products bearing any of Plaintiff's trademarks or trade names, including but not limited to, the FURminator Marks.

C. That the Defendants, at their own expense, recall any and all products that bear any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Plaintiff's trademarks or trade names from any distributors, retailers,

vendors, or others to whom the Defendants have distributed or sold such products, and that such recall notices and other actions be taken within five (5) days after service of judgment with notice of entry thereof.

D. That Defendants deliver up to Plaintiff's attorney for destruction, within five (5) days after service of judgment with notice of entry thereof, all goods, labels, tags, signs, stationery, prints, packages, promotional and marketing materials, advertisements and other materials (a) currently in their possession or under their control or (b) recalled by the Defendants pursuant to any order of the Court or otherwise, incorporating any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Plaintiff's trademarks or trade names, and all plates, molds, matrices, and other means of making the same, and that Plaintiff be permitted to destroy all such goods without compensation to any of the Defendants.

E. That Defendants preserve all records (including electronically stored information) and other documents concerning all transactions relating to their acquisition, import, purchase, or sale of any goods bearing or including any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Plaintiff's trademarks or trade names, and that all such materials be made available to Plaintiff for review, inspection, and copying on Plaintiff's request.

F. That Defendants provide Plaintiff with the names, addresses, and all other contact information in their possession (e.g., telephone numbers, fax numbers) for the source of all products that bear or include any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Plaintiff's trademarks or trade names, including all manufacturers, distributors, or suppliers.

G. That Defendants provide Plaintiff with the names, addresses, and all other contact information in their possession (e.g., telephone numbers, fax numbers) for the customers who purchased all products that bear or include any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Plaintiff's trademarks or trade names, including all manufacturers, distributors, or suppliers.

H. That Defendants shall file with the Court and serve upon Plaintiff's counsel within thirty (30) days after service of judgment with notice of entry thereof upon them a report in writing under oath, setting forth in detail the manner and form in which they have complied with the all of the above.

I. That each Defendant account for and pay over to Plaintiff three times the profits realized by each Defendant from its infringement of Plaintiff's trademarks and trade names and from its unfair competition with Plaintiff.

J. That Plaintiff be awarded its actual damages, trebled pursuant to 15 U.S.C. § 1117(a) & (b), or, if Plaintiff elects, statutory damages as the Court considers just, up $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c), arising out of Defendants' acts of willful trademark infringement and counterfeiting.

K. That Plaintiff be awarded interest, including pre-judgment interest, on the foregoing sums in accordance with 28 U.S.C. § 1961.

L. That Plaintiff be awarded its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. 1117(a) and other applicable laws.

M. That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**Thompson Coburn LLP**


By: /s/ Steven E. Garlock
   Steven E. Garlock, # 3184
   David B. Jinkins, #87,078
   Matthew A. Braunel, #109,915
   One US Bank Plaza
   St. Louis, MO  63101
   (314) 552-6000
   (314) 552-7000 (fax)

*Attorneys for Plaintiff*
*FURminator, Inc.*